PAUL THOMAS CLARK
CLARK and FEENEY, LLP
Idaho State Bar No. 1329
Attorneys for Plaintiffs
The Train Station, Suite 201
13th and Main Streets
P. O. Drawer 285
Lewiston, Idaho 83501
Telephone: (208)743-9516
Email: darla@clarkandfeeney.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF IDAHO

DENNIS "JOE" ROSS and POLLY )
MOZINGO, the natural parents of JUSTIN )
ROSS, decedent, )
     Plaintiffs, )
)
vs. )
)
CITY OF COTTONWOOD, a city in the State of ) **COMPLAINT AND DEMAND FOR**
Idaho, COTTONWOOD POLICE ) **JURY TRIAL**
DEPARTMENT, a government agency of the State of )
Idaho, COUNTY OF IDAHO, a political subdivision )
of the State of Idaho, TERRY COCHRAN, )
individually and in his official capacity, IDAHO )
COUNTY SHERIFF'S DEPARTMENT, a )
governmental agency of the State of Idaho, DOUGLAS )
GIDDINGS, individually and in his official capacity, )
JACK PAULSEN a/k/a SCOTT PAULSEN, )
individually and in his official capacity, and JOHN )
DOES 1-50, individually and in their official capacity. )
)
     Defendants. )
_____ )

COMPLAINT AND DEMAND FOR JURY TRIAL – 1

## PRELIMINARY STATEMENT

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Justin Ross rights as secured by the Fourteenth Amendment to the United States Constitution.

2. This is a civil rights action against Defendants, individually and in their official capacities for violating Justin Ross' constitutional and federal civil rights. More particularly, while acting under the color of State law, the Defendants violated Mr. Ross' civil and constitutional rights, including his substantive rights, and arising from the Defendants' failure to protect him, get medical assistance, or otherwise use care while Mr. Ross was in custody as a pretrial detainee, despite having actual knowledge that Mr. Ross had ingested a lethal dose of narcotics and alcohol and witnessed him in an acute state of distress, yet failed to act at all, leading to the death of Mr. Ross.

3. This causes of action herein arise from the wrongful death of Justin Ross which occurred in Idaho County, Idaho, on December 14, 2017.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3).

5. Plaintiffs also invokes this Court's supplemental jurisdiction under 28 U.S.C. §1367(a) to assert the State law claims as those claims are related to the Plaintiffs' federal law claims and arise out of a common nucleus of related facts.

6. Venue is in this district under 28 U.S.C. §1391(b) because the events giving rise to the claims asserted in this complaint occurred in this judicial district.

COMPLAINT AND DEMAND FOR JURY TRIAL – 2

LAW OFFICES OF
CLARK AND FEENEY, LLP
LEWISTON, IDAHO 83501

## IDENTIFICATION OF PARTIES

7. Plaintiffs are the natural parents of Justin Ross, deceased, and are the heirs of Justin Ross by way intestate succession, and at all times mentioned in this complaint were, and are residents of Idaho County, Idaho.

8. Defendant City of Cottonwood is a city in the State of Idaho.

9. Defendant Cottonwood Police Department is a government agency of the State of Idaho.

10. Defendant County of Idaho is a political subdivision of the State of Idaho. It oversees the Idaho County Sheriff's Department, which, in turn, operates the Idaho County Jail.

11. Defendant Terry Cochran is the Cottonwood City Police Chief. At all times relevant to the events at issue in this case, Defendant Cochran was employed by the City of Cottonwood in the capacity of Police Chief. As such, he was acting under color of law.

12. Defendant Idaho County Sheriff's Department is a government agency of Idaho County. It operates the Idaho County Jail.

13. Defendant Douglas Giddings is the Sheriff of Idaho County. At all times relevant to the events at issue in this case, Defendant Giddings was employed by the Idaho County Sheriff's Department in the capacity of Sheriff. As such, he was acting under color of law. At all times relevant to the events at issue in this case, Defendant Giddings promulgated rules, regulations, polices, procedures, and training as Sheriff of Idaho County for the provision of care by medical personnel and correctional officers to detainees at the Idaho County Jail. He is sued here individually and in his official capacity.

COMPLAINT AND DEMAND FOR JURY TRIAL – 3

14. Defendant Deputy Jack Paulsen a/k/a Scott Paulsen is an employee of the Idaho County Sheriff's Department and/or Idaho County during the relevant period. At all times relevant to the events at issue in this case, said defendant was acting under color of law and within the scope of his employment with Idaho County Jail. Said defendant is being sued individually and in his official capacity.

15. John Does 1-50 were employees of the Idaho County Sheriff's Department, Idaho County, and/or Cottonwood Police Department during the relevant period. At all times relevant to the events at issue in this case, these defendants were acting under color of law and within the scope of their employment with Idaho County Jail. These defendants are sued here in their individual capacities and official capacities.

**FACTUAL ALLEGATIONS**

16. Plaintiffs are the parents of Justin Ross, an individual who died due to the actions and inactions of multiple governmental agencies and their employees.

**DEFENDANTS HAD ACTUAL KNOWLEDGE OF THE AMOUNT OF NARCOTICS AND ALCOHOL MR. ROSS INGESTED PRIOR TO HIS ARREST**

17. On or about December 14, 2017, Mr. Ross was taken into custody by the combined efforts of employees from both the Idaho County Sheriff's Office as well as the Cottonwood Police Department.

18. On the morning of December 14, 2 017, Mr. Ross' grandfather, Robert Ross (hereinafter referred to as "Bob Ross") reported Mr. Ross' bizarre (but not criminal) actions to Cottonwood City Police Chief, Terry Cochran. Chief Cochran responded to the Ross residence.

19. Law enforcement is told Mr. Ross is "on drugs." Justin Ross was acting erratically, perhaps because of the effects of the combination of alcohol and the thirty (30) Tramadol he took.

COMPLAINT AND DEMAND FOR JURY TRIAL – 4

20. Law enforcement from Idaho County Sheriff's department responded to the scene and joined Terry Cochran. Upon information and belief, the officers knew that Mr. Ross was in emotional and physical distress, and had no reason to believe he was engaged in any criminal conduct more serious than the personal use intoxicating substances, or that he was armed and posed any danger to them.

21. At that time no officer or member of the public was endangered in any significant way by Mr. Ross' irrational actions; his grandfather simply wanted him to go to rehab. Instead, Idaho County Sheriff's deputy Scott Paulsen placed Mr. Ross under arrest stemming from a warrant for 'failure to pay.'

22. Mr. Ross was arrested and taken to the Idaho County Jail (hereinafter referred to as "Jail"). At all times relevant to the events at issue in this case, Mr. Ross was housed at the Jail.

23. Throughout Defendants first interaction with Mr. Ross, his arrest, and his detention at the Jail, Mr. Ross presented with a medical problem, not a law enforcement problem. Defendants acted in deliberate indifference to his medical needs, as alleged below.

**DEFENDANTS FAILED TO PROTECT MR. ROSS FROM A KNOWN AND SUBSTANTIAL RISK OF DEATH**

24. On December 14, 2017, Defendants, who had complete care, custody, and complete control of Mr. Ross did negligently and/or recklessly act or failed to act by allowing Justin Ross to die in a jail cell while he was in custody at the Jail.

26. Defendants, who had complete care, custody, and complete control over Justin Ross failed to take him to the hospital upon receiving actual knowledge that Justin Ross had ingested a high quantity of prescription medication, namely thirty (30) Tramadol, after he had injected himself

COMPLAINT AND DEMAND FOR JURY TRIAL – 5

with an unknown drug, and was also under the influence of alcohol. Defendants instead took him to the Idaho County Jail where, nearly twelve (12) hours later he died.

27. During the twelve hours Mr. Ross was in the Jail, he began to show signs of duress. Defendants failed to follow their own policies and did not check on Mr. Ross during the intervals outlined in their manuals.

28. Defendants, who had care, custody, and complete control over Mr. Ross failed to call for an ambulance when he began showing signs of a medical emergency while contained in a cell at the Idaho County Jail.

29. When the Defendants, who had care, custody, and complete control over Mr. Ross finally identified that he was in medical trouble, the Defendants were unable to operate the oxygen mask and tank in a reasonable amount of time after Justin Ross was found unresponsive in the jail cell.

30. Justin Ross was taken into custody at approximately 9:30am on Thursday, December 14, 2017. The death of Justin Ross occurred at the Idaho County Jail on December 14, 2017. Justin Ross was taken to Syringa Hospital by the Grangeville Ambulance service, and his time of death was recorded at 11:14 p.m. Justin Ross was dead before he was ever loaded into the ambulance. Defendants, at all relevant times, were acting within the course and scope of their respective employment and were acting under color of law.

31. Defendants who came in contact with and otherwise had interactions with Justin Ross on December 14, 2017, did act with reckless and wanton disregard for the life of Justin Ross, causing his death on December 14, 2017.

**COMPLAINT AND DEMAND FOR JURY TRIAL – 6**

32. The many failures of Defendants that occurred on December 14, 2017 in relation to Justin Ross constitute an unlawful action done with deliberate indifference to Justin Ross' rights and did violate Justin Ross' rights under 42 U.S.C. § 1983 et seq., his and Plaintiffs' constitutional rights under both the Constitution of the United States and the Constitution of the State of Idaho, and did violate the laws of the State of Idaho.

33. Defendants' conduct was grossly negligent, outrageous, wanton, reckless, willful, and with malicious intent. Said conduct was pursuant to customary and accepted practice within the Idaho County Sheriff's Office and the Cottonwood Police Department.

34. As a direct and proximate result of the unlawful actions detailed above, Plaintiffs suffered a loss of their relationship with their son, emotional distress, mental anguish, embarrassment, humiliation, and a loss of enjoyment of life. As a direct and proximate result of the unlawful actions detailed above, Plaintiffs also suffered actual damages as they relate to cost of funeral and burial expenses for Justin Ross.

## COUNT I
### (42 U.S.C. Section 1983)
**Violation of Decedent's Right to Personal Safety & Security**

35. Plaintiffs repeats and realleges the preceding paragraphs as if fully set forth in this Count.

36. Count I is alleged against all the individual Defendants.

37. The Fourteenth Amendment to the United States Constitution provides that persons held in custody in jails have the right to enjoy personal safety and security and that defendants had a corresponding duty to take reasonable precautions to ensure Decedent's physical safety and security

**COMPLAINT AND DEMAND FOR JURY TRIAL – 7**

while he was in custody. Mr. Ross was entitled to be free from a known and unreasonable risk of serious harm while in the custody of the Idaho County Jail.

38. In violation of the Fourteenth Amendment, the individual Defendants knew of and disregarded a substantial risk of serious harm—that Mr. Ross would die due to the effects of acute drug and alcohol overdose in the Idaho County Jail.

39. In the alternative, the individual Defendants disregarded an obvious risk of serious harm or unreasonably disregarded a risk of serious harm.

40. The individual Defendants' above-described actions and omissions were undertaken with malice and/or reckless disregard for Mr. Ross' constitutional rights.

41. As a result of the unjustified and unconstitutional conduct of the individual Defendants, Mr. Ross experienced pain, suffering, emotional distress, injury, and ultimately, death.

42. The Defendants' actions and omissions were the direct and proximate cause of the violations of Mr. Ross' constitutional rights, of Mr. Ross' death, and of the damages suffered by his heirs.

## COUNT II
### (42 U.S.C. Section 1983)
### Violation of Decedent's Right to Adequate Medical Care

43. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth in this Count.

44. Count I is alleged against all the individual Defendants.

45. The Fourteenth Amendment to the United States Constitution protects the right of persons detained in jail to receive adequate and reasonable medical and psychiatric care

46. Defendants and each of them were deliberately indifferent to Mr. Ross' right to receive adequate and reasonable medical and psychiatric care.

COMPLAINT AND DEMAND FOR JURY TRIAL – 8

47. Such deliberate indifference proximately caused Mr. Ross' death.

## COUNT III
### (42 U.S.C. Section 1983 - *Monell*)
### Failure to Adequately Train, Supervise and Discipline Jail Staff

48. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth in this Count.

49. Count III is alleged against Defendants Idaho County, Idaho County Sheriff's Department, and Sheriff Giddings, in his official capacity.

50. At all relevant times, Defendants Idaho County, Idaho County Sheriff's Department, and Sheriff Giddings, in his official capacity had a duty arising under the Fourteenth Amendment to the United States Constitution to adequately train, supervise and discipline Jail personnel in order to safeguard the health and safety of persons held in jail custody.

51. During the relevant time period, Defendants Idaho County and Sheriff Giddings had notice of widespread practices by employees at the Idaho County Jail under which detainees with acute drug and/or alcohol toxicity were routinely denied access to proper medical health treatment, and detainees who were at risk of death were routinely denied access to life saving treatment by personnel adequately trained to use life saving equipment available at the Jail.  These widespread practices are a result of the lack of formal policies, training, and supervision on the proper way to deal with detainees with substance use and abuse problems.

52. These widespread practices were allowed to flourish—and become so well settled as to constitute de facto policy of the Idaho County Sheriff's Department—because governmental policymakers and authority over the same, namely, Sheriff Giddings, exhibited deliberate indifference to the problem, thereby effectively ratifying it.

COMPLAINT AND DEMAND FOR JURY TRIAL – 9

53. Said defendants were deliberately indifferent to their duties to properly train, discipline and supervise the jail staff thereby proximately causing Mr. Ross' death.

## COUNT IV
### (42 U.S.C. section 1983)
### Violation of Plaintiffs' Rights to Enjoy Continued Family Relations

54. Plaintiffs repeats and realleges the preceding paragraphs as if fully set forth in this Count.

55. Count IV is alleged against all the individual Defendants.

56. The Fourteenth Amendment to the United States Constitution protects the right of spouses, children and parents to enjoy continued family relations with each other.

57. By proximately causing the death of Mr. Ross, Defendants and each of them violated the rights of Plaintiffs and each of them to enjoy the continued companionship and society of Mr. Ross to enjoy their son.

## COUNT V
### State Law Claim for Negligence

58. Plaintiffs repeats and realleges the preceding paragraphs as if fully set forth in this Count.

59. Count IV is alleged against all the individual Defendants.

60. By virtue of the foregoing, defendants owed decedent and plaintiffs a duty of due care, and that duty was breached in that defendants' negligence and failure to exercise due care in dealing with the decedent proximately caused his death.

61. As a direct and proximate cause of the aforementioned acts of defendants, decedent and plaintiffs were injured as set forth above, and are entitled to compensatory damages according to proof.

COMPLAINT AND DEMAND FOR JURY TRIAL – 10

## COUNT VI
### State Law Claim for Wrongful Death

62. Plaintiffs repeats and realleges the preceding paragraphs as if fully set forth in this Count.

63. Count VI is alleged against all the individual Defendants.

64. As described more fully in the preceding paragraphs, the individual Defendants knew that Mr. Ross should be taken to the hospital or at the very least closely monitored due to acute drug and alcohol toxicity, but failed to take him to the hospital and failed have him under such watch, resulting in Mr. Ross' wrongful death.

65. By their acts and omissions, the individual Defendants breached their duty to provide for Mr. Ross' health and safety and were the proximate cause of Mr. Mr. Ross' death and the injuries to Plaintiffs, and Mr. Ross' heirs.

66. The individual Defendants' above-described actions and omissions were undertaken with malice and/or reckless disregard for Mr. Ross' rights.

67. Plaintiffs' claims for damages for the wrongful death of their son, Justin Ross, include damages for the loss of his services, protection, care, future income, assistance, society, companionship, comfort, guidance, counsel and advice, as well as for the mental anguish caused by this loss, as well as for funeral and other expenses and damages.

## COUNT VII
### State Law Claim for Respondeat Superior

68. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth in this Count.

69. Count VII is alleged against Defendant Sheriff Giddings.

COMPLAINT AND DEMAND FOR JURY TRIAL – 11

70. In committing the acts alleged in the preceding paragraphs, the individual Defendants were employees, members, and agents of the Idaho County Sheriff's Department, acting at all relevant times within the scope of their employment.

71. Defendant Sheriff Giddings is liable as principal for all torts committed by his agents.

## COUNT VIII
### State Law Claim for Indemnification

72. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth in this Count.

73. Count VIII is alleged against Defendant Idaho County

74. Idaho law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

75. The individual Defendants were employees of the Idaho County Sheriff's Department who acted within the scope of their employment in committing the misconduct described above.

76. Idaho County is obligated to pay any judgment entered against Sheriff Giddings, in an official capacity.

### ATTORNEY FEES

77. In order to recover damages referred to above, it has been necessary for Plaintiffs to employ Paul Thomas Clark of the law firm of Clark and Feeney, LLP to represent them in this action.

78. Plaintiffs are entitled to a reasonable amount of attorney fees as the court deems just and for costs necessarily incurred in the prosecution of this case pursuant to 42 U.S.C. §1988 or other federal laws.

COMPLAINT AND DEMAND FOR JURY TRIAL – 12

## JURY TRIAL

79. In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiffs demand a trial by jury on all triable issues.

## PUNITIVE DAMAGES

80. In committing the acts and omissions complained of herein, all individual and corporate Defendants acted with malice, oppression and deliberate and reckless disregard for Mr. Ross' civil rights and personal safety. Plaintiffs are thus entitled to an award of punitive damages against each of them.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for monetary judgment against the Defendants as follows:

1. For general and special damages in an amount to be established at trial;

2. For funeral expenses incurred in an amount to be established at trial;

3. For Punitive damages against the individual defendants;

4. For Plaintiffs' costs and attorney fees necessarily and reasonably incurred herein, pursuant to 42 U.S.C. §1988; and,

5. For such other and further relief as the court deems just and equitable.

DATED this ___7___ day of November, 2018.

CLARK and FEENEY, LLP

By:_____
Paul Thomas Clark, a member of the firm.
Attorneys for Plaintiffs.

COMPLAINT AND DEMAND FOR JURY TRIAL – 13

STATE OF IDAHO          )
                        ) ss.
County of Idaho         )

DENNIS "JOE" ROSS, first duly sworn on oath, deposes and says:

That he is one of the Plaintiffs herein; that he has read the foregoing Complaint, knows the contents thereof and the facts stated therein are true to the best of his knowledge, information and belief.

_____
DENNIS "JOE" ROSS

This record was acknowledged before me on this 5th day of November, 2018, by DENNIS "JOE" ROSS.

_____
Notary Public in and for the State of Idaho
My commission expires: 3/8/2019

STATE OF IDAHO          )
                        ) ss.
County of Idaho         )

POLLY MOZINGO, first duly sworn on oath, deposes and says:

That she is one of the Plaintiffs herein; that she has read the foregoing Complaint, knows the contents thereof and the facts stated therein are true to the best of her knowledge, information and belief.

_____
POLLY MOZINGO

This record was acknowledged before me on this 5 day of November, 2018, by POLLY MOZINGO.

LORI A. COURTRIGHT
Commission #16315
Notary Public
State of Idaho

_____
Notary Public in and for the State of Idaho
My commission expires: 7-31-2020

**COMPLAINT AND DEMAND FOR JURY TRIAL – 14**